Citation Nr: 1710380 
Decision Date: 03/10/17 Archive Date: 04/11/17

DOCKET NO. 08-03 325 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an increased disability rating greater than 20 percent for service-connected degenerative joint disease of the left knee, status post arthroscopy.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. M. Stedman, Associate Counsel



INTRODUCTION

The Veteran served on active duty from March 1999 to March 2001.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

This matter was previously before the Board in October 2011, March 2013, December 2014, and July 2015, at which time it was remanded for further development. That development having been completed, the matter now returns to the Board for further review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board sincerely regrets the delay, but the left knee claim must again be remanded for a new examination that complies with Correia v. McDonald, 28 Vet. App. 158 (2016). In a recent precedential decision, the U.S. Court of Appeals for Veterans Claims (Court) held that for VA examinations to be adequate for rating musculoskeletal disabilities, they must record range of motion testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of motion of the opposite undamaged joint. Correia, 28 Vet. App. 158 at 169-70 (citing 38 C.F.R. § 4.59 (2016). If the examiner is unable to conduct the required testing, or concludes that the required testing is not necessary, he or she should clearly explain why what that is so. Id. at 170. 

The June 2016 VA examination report provides range of motion results for the left knee, but does not specify the type of testing on which these results were based (i.e. active or passive, weightbearing or non-weightbearing), or provide results for each type of test, as required under Correia. If only active range-of-motion testing was performed, and the other tests were deemed not necessary or possible, the examiner did not state this in the report. As this is a determination that requires medical judgment, the Board may not make its own independent finding on this issue. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). As such, additional development is required concerning this claim.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain the Veteran's updated VA treatment records, dated since January 2016.

2. After the above records have been obtained, schedule the Veteran for an appropriate VA examination to determine the nature and severity of his service-connected left knee disability. The claims folder and a copy of this REMAND must be made available to the examiner for review, and the examination report must reflect that such a review was undertaken. The examination should be performed in accordance with the Disability Benefits Questionnaire(s) (DBQs). 

The examiner is to specifically test the range of motion of the left knee in active motion, passive motion, weight-bearing, and nonweight-bearing. The opposite joint should also be tested. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

Any opinions expressed by the examiner must be accompanied by a complete rationale.

3. Finally, after completing any other development that may be indicated, readjudicate the claim. If the benefits sought are not granted, the Veteran and his representative must be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).